IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN HARRIS,

    Plaintiff,                   No. CIV S-11-1232 GGH P

    vs.

J. ANGONE, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. See docket # 4, filed May 20, 2011.

        The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

```
        detained in any facility, brought an action or appeal in a court of
        the United States that was dismissed on the grounds that it is
        frivolous, malicious, or fails to state a claim upon which relief may
        be granted, unless the prisoner is under imminent danger of serious
        physical injury.
```

28 U.S.C. § 1915(g). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir.2005). Although the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, <u>Chadwick v. San Diego Police Dept.</u>, 2008 WL 1343857 *1 (S.D. Cal. 2008), "'[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g)....'" <u>Id</u>., quoting <u>Andrews v. King</u>, 398 F.3d at 1120.

Actions filed and/or dismissed prior to the enactment of the Prison Litigation Reform Act on April 26, 1996, are to be evaluated to determine whether they qualify as strikes: "the plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the PLRA to determine when a prisoner has used his three strikes." <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1181, citing <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1311-1312 (9th Cir. 1997).[1] Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was frivolous counts as a separate strike. <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).

---

[1] "Ultimately, we held that § 1915(g) does not raise any retroactivity concerns, because it does not affect a substantive right but merely limits a prisoner's ability to proceed IFP. In light of <u>Tierney</u>, we reject Rodriguez's claim and hold that § 1915(g) does not violate the Constitution by looking at cases dismissed prior to enactment of the PLRA to determine when a prisoner has had three or more cases dismissed as frivolous." <u>Rodriguez v. Cook</u>, 169 F.3d at 1181, citing <u>Tierney v. Kupers</u>, 128 F.3d at 1311.

However, Adepegba qualifies that insofar as affirmance does not go to the merits but only finds no error at district court level, affirmance should not count as separate strike.[2] Id.  On the other hand, when the appeal is frivolous on a separate ground or when the appeal of a district court dismissal as frivolous is, itself, frivolous, then the appeal dismissal is also a strike.  Id. at 388.  See also Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647, 651-52 (7th Cir. 2000) (both noting that frivolous appeals count as a strike).  Dismissals as frivolous, malicious, or for failure to state a claim with or without prejudice may count as strikes.  O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008).

The court takes judicial notice[3] of the national pro se "three strikes" database, and the cases therein cited, which a Ninth Circuit committee has directed this court to access for PLRA three-strikes screening purposes, wherein plaintiff is identified as a litigant who has been barred by the three strikes provision of § 1915(g) since July 28, 1997.  Much more recently, in a case dismissed on September 24, 2010,[4] for plaintiff's failure to pay the filing fee of which this court takes judicial notice, the following was set forth in an order prior to dismissal:

> A review of the court's records reveals that on numerous occasions prior to the filing of this action, plaintiff filed lawsuits that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted.[]  The most recent dismissals of this nature were in Harris v. Edmonds, No. CIV F-00-5857 OWW LJO (Order filed Nov. 27, 2000, dismissing action for failure to state a claim upon which relief may be granted); Harris v. Edmonds, No. CIV F-00-7160 REC SMS (Order filed May 28, 2002, dismissing action for Case failure to state a claim); and Harris v. Pliler, No. CIV S-01-1125 WBS DAD (Order filed Mar. 15, 2002, dismissing action for failure to state a claim). All of

---

[2] It also follows that an appellate court reversal would nullify a strike.  Adepegba v. Hammons, 103 F.3d at 387.

[3] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[4] Plaintiff's appeals of the dismissal were deemed "so insubstantial as to not warrant further review" and were "not...permitted to proceed." See Ninth Circuit Order, No. 94-80317, filed in Case No. CIV-S- 09-1818 at docket # 19.

those actions were filed when plaintiff was incarcerated in state prison and each he was granted leave to proceed in forma pauperis.

Order, Harris v. Brooks, CIV-S-1818 WBS DAD P (March 22, 2010). The plaintiff in that action, as in the instant one, is identified as having the inmate number, CDCR[5] # D-99649. Each of these cases, as verified by this court's review of the electronic docket of each case, was dismissed well prior to the filing of this action,[6] on May 6, 2011.

The court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' under § 1915(g))"; id., at 1055 (exception applies if allegation of "imminent danger" within the complaint is "plausible") ; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998). The gravamen of plaintiff's complaint is that he has been denied a right to court access by being hampered from accessing prison law library materials and by the way his 602 appeals regarding staff misconduct, or responses thereto, have been delayed or lost. Complaint, pp. 3-6, 9, 14-16. Among his additional disjointed claims, he also alleges that his legal mail has been opened outside his presence by defendants Casas and Angone, and that, on October 16, 2010, defendant Lisa, a registered nurse, delivered the wrong medicine to him. Id., at 7-8. Although plaintiff, apparently long subject to the bar of the § 1915(g) three strikes provision,

---

[5] California Department of Corrections and Rehabilitation.

[6] The only correction to the order that the undersigned notes that might be made is of no help to plaintiff in that the order dismissing plaintiff's complaint in Case No. 00-7160, was made with prejudice both for failure to state a claim and for failure to comply with a court order, and was filed on May 24, 2002, not May 28, 2002.

has asserted that he "is in imminent danger of serious physical injury," three times within his complaint, it is evident that he appears to believe that the phrase has talismanic powers even when so obviously pretextual and in no way supported by the accompanying allegations. His conclusory and unsupported allegation does not automatically convert his complaint into one on which he may proceed in forma pauperis although otherwise barred by § 1915(g). In short, plaintiff fails to qualify for the exception because his allegation of "imminent danger" is patently implausible.

Accordingly, IT IS ORDERED that plaintiff show cause within twenty-eight days why his request to proceed in forma pauperis should not be denied on the ground that he is barred by the three-strikes provision of 28 U.S.C.§ 1915(g); in the alternative, plaintiff shall within twenty-eight days pay the $350.00 filing fee in full; should plaintiff fail to comply with this order, this case will be dismissed.

DATED: July 5, 2011                                  /s/ Gregory G. Hollows

                                                     GREGORY G. HOLLOWS
                                                     UNITED STATES MAGISTRATE JUDGE

GGH:009
harr1232.ord